# IN THE COURT OF APPEALS OF IOWA

No. 21-1609
Filed April 26, 2023

**ASHLEY JANE RATHJEN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

　　Ashley Rathjen appeals the denial of her application for postconviction relief. **AFFIRMED.**

　　Ronald William Kepford, Winterset, for appellant.

　　Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

　　Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

Ashley Rathjen was charged with crimes in two separate cases. In each of the cases, she pled guilty to possession of a controlled substance (methamphetamine) with intent to deliver as a second or subsequent offender. The district court simultaneously sentenced her to prison terms not exceeding twenty-five years in the first case and thirty years in the second case, with the obligation to serve a one-third mandatory minimum. The court ordered the sentences served consecutively, "for a total not to exceed 55 years." The court of appeals affirmed Rathjen's conviction and preserved her ineffective-assistance-of-counsel claims for postconviction relief. *See State v. Rathjen*, No. 17-1606, 2018 WL 5291330, at *2 (Iowa Ct. App. Oct. 24, 2018).

Rathjen filed a postconviction-relief application raising several claims. The parties agreed to submit the case to the court on the exhibits, without the need for an evidentiary hearing. At an abbreviated non-testimonial hearing, Rathjen's postconviction attorney limited the issue for decision to her plea attorneys' failure to adequately communicate plea offers to her. In particular, Rathjen claimed the State offered her a plea providing for a maximum prison term of thirty years for both offenses.

The postconviction court concluded Rathjen did not establish "counsel failed to correctly inform [Rathjen] of any plea offers." The court further rejected Rathjen's assertion that her plea attorneys had an obligation to inform her the thirty-year plea offer "was the best offer she would get," reasoning "defense counsel didn't and couldn't have known the answer to that." The court denied the postconviction-relief application.

On appeal, Rathjen argues she "was never told about the expiration of" the plea offer with "a 30 year sentence." In her view, the record indicates "the 30-year offer was at a minimum open for a significant amount of time in the case" and it was "unreasonable to expect [her] to clearly understand her options as a defendant uneducated regarding laws and criminal proceedings." Rathjen had to establish deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *see also Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2022).

Rathjen did not offer deposition testimony from the attorney who represented her at the time of the claimed thirty-year offer. While she did depose her second attorney, that attorney testified there were no outstanding plea offers when she entered the case. She pointed to a status conference order documenting the absence of any offers. She further stated, if there had been a plea offer with an expiration date, she "would have told" Rathjen. When Rathjen later asked her if they could "get that 30-year offer back," the attorney told her, "[N]o," "[t]he best we can do is argue" for a 30-year sentence. The attorney was confident Rathjen understood the earlier thirty-year plea offer was not on the table at the time she ultimately pled guilty.

The plea and sentencing transcripts corroborate counsel's deposition testimony. The district court provided detailed explanations of the maximum sentences in both cases. Following the explanations, the court twice asked Rathjen if she understood the potential penalties as explained. The first time, Rathjen responded, "I do now that you've said them, yes." She responded in a similar fashion the second time. She did not express a belief that any prior plea offers were extant nor did she question the court's pronouncement of a fifty-five

rather than thirty-year term. Her responses undercut her later assertion in a deposition that she was "so confused and very uneducated" about what was happening at the guilty plea hearing. In the same deposition, she made it clear that she had no intention of accepting the "thirty-year" plea offer at the time it was offered because the mandatory minimum term seemed too long and she was hoping for a "better deal"—a deal that counsel could not have predicted would materialize. *See Missouri v. Frye*, 566 U.S. 134, 147 (2012) (requiring applicants to establish they "would have accepted the earlier plea offer had they been afforded effective assistance of counsel" and that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law").

On our de novo review, we conclude Rathjen failed to establish deficient performance by either of her plea attorneys, or prejudice. We affirm the denial of her postconviction-relief application.

**AFFIRMED.**